[Nos. 27659-7-III; 27660-1-III.   Division Three.   March 24, 2011.]

*In the Matter of the Welfare of* A.G. ET AL.

*David L. Donnan* (of *Washington Appellate Project*) and *Heather L. McKimmie* (of *Disability Rights Washington*), for appellant.

*Robert M. McKenna, Attorney General*, and *Tobin J. Carlson* and *Pamela V. Reuland, Assistants*, for respondent.

¶1 SWEENEY, J. — The termination of parental rights must be based, in part, on an explicit or implicit finding of current parental unfitness. *In re Welfare of A.B.*, 168 Wn.2d 908, 920, 232 P.3d 1104 (2010). If the finding is not explicit, the court may imply the finding if the record clearly shows that the trial court found the parent currently unfit to parent. *Id.* at 921. We will not imply that necessary finding based on this record. We therefore reverse the trial court's order and remand for further proceedings.

## FACTS

¶2 A.G. was born December 7, 2001. A.G.'s sibling, L.S., was born January 20, 2005. The State took custody of both children on June 20, 2005. A trial court found them dependent on August 2. The State petitioned to terminate their mother's parental rights to them in March 2007.

¶3 The State alleged that the children's mother, Ms. G., was unfit to parent because of child neglect, drug abuse, domestic violence, and mental illness. The trial court held a hearing, concluded that parental rights should be terminated, and entered findings and conclusions. The trial court did not expressly find that Ms. G. was unfit to parent the children.

¶4 Ms. G. appealed the termination order. And we affirmed it. *In re Welfare of A.G.*, 155 Wn. App. 578, 229 P.3d 935 (2010). The Supreme Court granted discretionary review and remanded to us for reconsideration in light of *A.B.*, 168 Wn.2d 908. *In re Welfare of A.G.*, 169 Wn.2d 1032, 242 P.3d 810 (2010). We now do so.

## DISCUSSION

¶5 The State may terminate a parent's rights to his or her children with two essential conclusions—the parent is unfit and termination of the parent-child relationships is in the children's best interests. *A.B.*, 168 Wn.2d at 911; RCW 13.34.180(1), .190. A parent's constitutional right to due process of law requires a showing that the parent is

currently unfit to parent. *A.B.*, 168 Wn.2d at 920. Whether a proceeding satisfies constitutional due process is a question of law that we review de novo. *In re Welfare of J.M.*, 130 Wn. App. 912, 920, 125 P.3d 245 (2005). The court's conclusion that the parent is unfit may be explicit or implicit.

¶6 In *A.B.* the trial court entered findings on each of six factors (RCW 13.34.180(1)) but did not expressly find Rogelio Salas currently unfit to parent. 168 Wn.2d at 917, 921-22. It, nevertheless, terminated Mr. Salas's parental rights to his daughter. *Id.* at 918. The Court of Appeals affirmed the termination order, and the Supreme Court granted review and reversed. *Id.* at 918, 927. The Supreme Court concluded that the trial judge had failed to find parental unfitness, either implicitly or explicitly.

¶7 Similarly, we find no express finding here that Ms. G. is unfit to parent. We turn then to the findings to determine whether the necessary finding of unfitness can be implied. In doing so, we do not review for evidence upon which the trial court *could have* based a finding of current unfitness. *Id.* at 927. We instead look for evidence that the trial court *did or did not* find current unfitness. *Id.* We "may imply the existence of such a finding if—but only if—the facts and circumstances clearly demonstrate that the finding was actually made by the trial court." *Id.*

¶8 Again, Ms. G.'s identified parental deficits were child neglect, drug abuse, domestic violence, and mental illness. And the trial court found that "[t]here is little likelihood that [these] conditions will be remedied so that [A.G.] or [L.S.] can be returned to their mother in the near future." A.G. Clerk's Papers (CP) at 49 (based on RCW 13.34.180(1)(e)). Some of the court's findings, however, show that Ms. G.'s first two deficits have been remedied and that the remaining two deficits do not affect Ms. G.'s ability to parent. A.G. CP at 51, 52, 54 (Findings of Fact N-P, U). The trial court did not find that Ms. G. currently neglects her children. It found instead that she is nurturing and has healthy interactions with A.G. and L.S. The court also found that Ms. G.'s "chemical dependency is apparently in remission." A.G. CP at 52. The

court suspected but found no evidence to affirmatively show otherwise. Report of Proceedings (RP) at 925; A.G. CP at 52 (Finding of Fact P).

¶9 Next, the court found that domestic violence leads to the physical and emotional abuse of children but also found that there is no "necessary connection between being a domestic violence perpetrator and parenting ability." A.G. CP at 51. The court, however, wanted Ms. G. to complete a domestic violence perpetrator program, which she had not completed by the time of trial. The court also found that Ms. G. experiences hallucinations and paranoia and has not remedied these illnesses. A.G. CP at 51, 52 (Findings of Fact O, P). But it found that it is not known how these illnesses affect her parenting ability. A.G. CP at 51 (Finding of Fact O). And this record suggests that there are no negative effects.

¶10 We are, then, unwilling to imply that Ms. G. is currently unfit. Ms. G. has a healthy relationship with her children. Her chemical dependency is currently in remission, although the trial court suspects she has relapsed. RP at 925; A.G. CP at 52 (Finding of Fact P). And it is not clear from the court's findings that Ms. G.'s domestic violence and mental illness deficiencies are relevant to her ability to parent. There is, then, no obvious parental deficit that would support an implicit finding of current parental unfitness. So we reverse the termination order.

¶11 Our resolution of this issue is dispositive. We, therefore, need not address Ms. G.'s remaining contention that the trial court erred by considering the best interests of the children while determining the parental unfitness issue.

¶12 We reverse the order terminating Ms. G's parental rights to A.G. and L.S. and remand for further proceedings.

BROWN, J., concurs.

¶13 KULIK, C.J. (dissenting) — In my view, the circumstances presented in the record and in the lengthy and

detailed findings of fact demonstrate that the trial judge intended to do exactly what he did: conclude that the mother's rights should be terminated because of her current parental unfitness. He just did not use those precise words. Therefore, I respectfully dissent and, rather than disrupt these children who have been in foster care for over five years, I would remand to the trial court for clarification of its termination findings following our recent Supreme Court's decision in *In re Welfare of A.B.*, 168 Wn.2d 908, 232 P.3d 1104 (2010).

¶14 These children were found dependent in 2005 based on the mother's domestic violence, child neglect, mental illness, and methamphetamine and other drug use. About one year later, she tested positive for methamphetamine and marijuana while she was eight months' pregnant with a third child. And she continued to be unable to parent A.G. and L.S. despite many services.

¶15 The trial judge found by clear, cogent, and convincing evidence all of the six factors required by RCW 13.34.180(1). He then concluded that the children's best interests were served by ordering termination of the parental relationship. He candidly and fairly noted in the findings that the mother had made some improvement but not significant enough to allow her to parent A.G. and L.S.

¶16 The trial court followed the statutory scheme. In finding of fact P, the court specifically found that the mother's problems, including hallucinations and mental illness, "need to be remedied before [the children] can be returned to their mother." A.G. Clerk's Papers (CP) at 52. Significantly, the court found that there was "little likelihood that conditions will be remedied so that [the children] can be returned to their mother in the near future." A.G. CP at 49. Taken together, this court can clearly imply current parental unfitness as required by the decision in *A.B.*

¶17 This court may take any action "as the merits of the case and the interest of justice may require." RAP 12.2. I would remand for the trial court to clarify its intention in light of *A.B.*