# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Dependency of

V.W. (DOB: 10/06/05);
I.W. (DOB: 05/20/07);
K.W. (DOB: 09/12/08); and
P.K. (DOB: 05/18/11),

           Minor Children.

FELICIA KIRKLAND,

           Appellant,

v.

STATE OF WASHINGTON,
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES,

           Respondent.

No. 73000-2-I
(consolidated with Nos. 73001-1-I,
73002-9-I, 73003-7-I, 73004-5-I,
73005-3-I, 73006-1-I, 73007-0-I)

DIVISION ONE

UNPUBLISHED

FILED: January 19, 2016

COX, J. – Felicia Kirkland appeals the trial court order terminating her parental rights to P.K., K.W., I.W., and V.W. She contends that the trial court committed reversible error by failing to include on the termination order a statement addressing sibling relationships in accordance with RCW 13.34.200(3). She also argues that the statutory "best interests of the child" standard in RCW 13.34.190 is unconstitutionally vague. But Kirkland fails to demonstrate any prejudice from the trial court's alleged failure to address sibling relationships or that the best interests standard is unconstitutional as applied to the facts of her case. We therefore affirm the trial court's order.

No. 73000-2-I (consolidated with Nos. 73001-1-I, 73002-9-I, 73003-7-I, 73004-5-I, 73005-3-I, 73006-1-I, and 73007-0-I)/2

The relevant facts are unchallenged on appeal. Felicia Kirkland is the mother of P.K. (born 2011), K.W. (born 2008), I.W. (born 2007), and V.W. (born 2005). During 2010 and 2011, the trial court found all four children dependent as to Kirkland based on concerns about her drug use, erratic behavior, mental health issues, neglect of the children, periods of incarceration, and failure to comply with court-ordered substance abuse treatment. Among other things, the dispositional orders required Kirkland to participate in mental health counseling, a parenting assessment and parenting coaching, random urinalysis, and consultation with a public health nurse.

The Department of Social and Health Services (Department) offered Kirkland numerous services designed to address her parental deficiencies, including mental health counseling, a parenting assessment and extensive parenting coaching, Parent Child Interactive Therapy (PCIT), a foster care assistance program for child reunification, rental assistance, and various in-home services. In 2012, the Department found that Kirkland had made sufficient progress to return the children to her care.

The Department removed the children again in February 2013, after an incident in which Kirkland threatened to shoot several people at a gas station. Kirkland's participation in services diminished, she visited the children only intermittently, and her behavior became increasingly volatile. Kirkland's outbursts of anger and unpredictable behavior severely affected the children's

emotional stability. The Department petitioned for termination of Kirkland's parental rights. Following an eight-day trial in July 2014, the court found that despite years of services, Kirkland had been unable to correct her parenting deficiencies and that her inability to regulate her mental condition prevented her from providing a safe and healthy environment for the children. The court concluded that the Department had proved the six statutory termination factors in RCW 13.34.180 by clear, cogent, and convincing evidence,[1] and that termination was in the children's best interests.[2]

Kirkland appeals.

### RCW 13.34.200(3) and Sibling Relationships

Kirkland contends that the termination order must be reversed because the trial court failed to include a statement addressing the children's sibling relationships in accordance with RCW 13.34.200(3). RCW 13.34.200(3) provides that "[a]n order terminating the parent-child relationship shall include a statement addressing the status of the child's sibling relationships and the nature

---

[1] Under RCW 13.34.180(1)(a)-(f), the court must determine by clear, cogent, and convincing evidence that: (1) the child is dependent, (2) the court has entered a dispositional order, (3) the child has been removed from the parent's custody for at least six months pursuant to a dependency finding, (4) all necessary services which could correct the parental deficiencies have been offered, (5) there is little likelihood that the parental condition can be remedied in the near future, and (6) continuation of the parent and child relationship clearly diminishes the child's prospects for early integration into a stable and permanent home.

[2] See RCW 13.34.190(1)(b). The court also terminated the parental rights of Ira Washington, the father of three of the children.

and extent of sibling placement, contact, or visits."[3] This provision reflects the legislature's intent

> to recognize the importance of emotional ties formed by siblings with each other, especially in those circumstances which warrant court intervention into family relationships. It is the intent of the legislature to encourage the courts and public agencies which deal with families to acknowledge and give thoughtful consideration to the quality and nature of sibling relationships when intervening in family relationships. It is not the intent of the legislature to create legal obligations or responsibilities between siblings and other family members whether by blood or marriage, step families, foster families, or adopted families that do not already exist. Neither is it the intent of the legislature to mandate sibling placement, contact, or visitation if there is reasonable cause to believe that the health, safety, or welfare of a child or siblings would be jeopardized. Finally, it is not the intent of the legislature to manufacture or anticipate family relationships which do not exist at the time of the court intervention, or to disrupt already existing positive family relationships."[4]

Contrary to Kirkland's allegations, the trial court's extensive written findings of fact included specific information about the nature and quality of sibling relationships, contacts, and placements. Among other things, the findings identified all of Kirkland's six children and the nature of their current placements. Kirkland's parental rights to her two older children, who are 17 and 15, were terminated shortly after they were born. The maternal grandmother adopted both of these children, who were serving sentences as juvenile offenders at the time of the termination trial. The trial court noted conflicting evidence on whether the

---

[3] (Emphasis added.) In its trial brief, the State acknowledged that compliance with RCW 13.34.200(3) is mandatory.

[4] In re Welfare of A.G., 155 Wn. App. 578, 596-97, 229 P.3d 935 (2010) (quoting Laws of 2003, ch. 227, § 1), review granted and reversed on other grounds following remand, 160 Wn. App. 841, 248 P.3d 611 (2011).

two older children posed a risk to the younger children. The findings also document the mother's inconsistent, hostile, and chaotic visits with the four younger children, which left them angry, upset, and in need of stabilizing relationships.

Kirkland's arguments suggest that RCW 13.34.200(3) mandates a separate and discrete entry about sibling relationships on the termination order. Although a separate statement may be the preferred approach, the statute does not direct the trial court to follow any specific format. Kirkland does not address the trial court's written findings on sibling relationships or argue that they are insufficient to satisfy the spirit, if not the letter, of RCW 13.34.200(3).

But even if the termination order failed to comply with RCW 13.34.200(3), Kirkland has not cited any authority supporting her request for automatic reversal. The trial court concluded that the Department had established the six statutory termination factors in RCW 13.34.180(1)(a)-(f) by clear, cogent, and convincing evidence, and that termination was in the children's best interest.[5] On appeal, Kirkland has not challenged the sufficiency of the evidence to support these conclusions. Nor has she alleged that the failure to comply with RCW 13.34.200(3) affected the court's assessment of the evidence to support the statutory termination factors or the decision to terminate her parental rights.

---

[5] See RCW 13.34.190.

Because Kirkland fails to demonstrate any prejudice resulting from the alleged error, reversal of the termination order is not warranted.[6]

*Due Process and RCW 13.34.190*

Kirkland also contends that RCW 13.34.190, which requires the trial court to find that termination is in the "best interests of the child,"[7] is unconstitutionally vague. She argues that the statute violates due process because it provides no guidelines to reduce the risk of arbitrary application.

An appellate court reviews the constitutionality of a statute de novo.[8] The statute is presumed to be constitutional, and the party challenging the presumption bears the burden of proving beyond a reasonable doubt that the statute is unconstitutional.[9]

When considering a vagueness challenge, the court first determines "if the statute in question is to be examined as applied to the particular case or to be reviewed on its face."[10] But a vagueness challenge to a statute that does not involve First Amendment rights must be evaluated "in light of the particular facts of each case."[11]

---

[6] See Thomas v. French, 99 Wn.2d 95, 104, 659 P.2d 1097 (1983) (error without prejudice is not grounds for reversal). In light of our decision, we need not address the State's contention that Kirkland failed to preserve the alleged error for review.

[7] RCW 13.34.190(1)(b).

[8] In re Dependency of K.R., 128 Wn.2d 129, 142, 904 P.2d 1132 (1995).

[9] In re Welfare of A.W., 182 Wn.2d 689, 701, 344 P.3d 1186 (2015).

[10] City of Spokane v. Douglass, 115 Wn.2d 171, 181-82, 795 P.2d 693 (1990).

[11] Id. at 182.

Termination proceedings do not involve First Amendment rights.[12] Kirkland makes no meaningful argument that the "best interests" standard is vague as applied to the facts of her case. Because Kirkland's challenge to RCW 13.34.190 is purely facial, we decline to consider it.[13] Kirkland has failed to satisfy her burden of proving that the statute is unconstitutional.

We affirm the order terminating Kirkland's parental rights.

_____
Cox, J.

WE CONCUR:

_____          _____

---

[12] See In re Welfare of H.S., 94 Wn. App. 511, 524, 973 P.2d 474 (1999) (vagueness challenge to RCW 13.34.180(5)); In re Dependency of C.B., 79 Wn. App. 686, 689, 904 P.2d 1171 (1995) (challenge to former RCW 13.34.190(2)).

[13] See Douglass, 115 Wn.2d at 182.