969 P.2d 1082 (1998)
93 Wash.App. 514
The HEILIG TRUST AND BENEFICIARIES, Appellants,
v.
FIRST INTERSTATE BANK OF WASHINGTON, a Washington Corporation, and James Renggli, a single man, Respondents.
No. 22813-1-II.
Court of Appeals of Washington, Division 2.
December 11, 1998.
Publication Ordered January 15, 1999.
*1083 Everett Allen Holum, McCarty Holum et al, Tacoma, for Appellants.
Ronald Edward Beard, Michael B. King, Lane Powell Spears Lubersky, Seattle, for Respondents.
BRIDGEWATER, A.C.J.
The Heilig Trust and Beneficiaries, Walter and Nina Heilig, appeal an order of summary judgment dismissing their complaint against First Interstate Bank of Washington. We hold that no material issue of fact existed to show that First Interstate had knowledge of the theft from the Heilig Trust by its trustee. We affirm.
In 1975, the Heiligs constructed a living trust agreement and appointed James F. Renggli as the trustee. As trustee, Renggli was responsible for the distribution of the net income or principal to the Heiligs "as the trustee deems best for the health, maintenance and welfare of the trustors, taking into consideration their accustomed standard of living."
Renggli maintained a regular checking account with First Interstate under the name Heilig Trust. Renggli also had a personal bank account with First Interstate. The name imprinted on checks issued for the trust checking account was Heilig Trust. But the words "James F. Renggli, Trustee" were imprinted on the face of the checks above the signature line. Thus, Renggli had unlimited access to the trust.
Renggli stole from the trust checking account. Approximately two or three times a week between September 1987 and July 1994, he wrote checks withdrawing funds from the trust that ranged from $50 to $3,000 each. He may have deposited some funds directly into his personal account but usually presented the checks and received cash. Ninety-eight percent of the time these checks were cashed at the Villa Plaza branch of First Interstate Bank in Lakewood, Washington. As a result of his activities with the trust, Renggli pleaded guilty to first degree theft and the court ordered $297,267.18 restitution. Subsequently, the Heiligs filed a complaint against First Interstate alleging negligence, breach of contract, breach of fiduciary duties, consumer protection act violation, outrage, and negligent infliction of emotional distress. Holding that First Interstate did not have actual knowledge or notice of the theft, the trial court dismissed the action on summary judgment.
When reviewing an order granting summary judgment, the appellate court engages in the same inquiry as the trial court. See Mountain Park Homeowners Ass'n, Inc. v. Tydings, 125 Wash.2d 337, 341, 883 P.2d 1383 (1994). Summary judgment is appropriate only when the pleadings, affidavits and depositions on file demonstrate that there is no issue of material fact and the moving party is entitled to judgment as a matter of law. "The court must consider all facts submitted and all reasonable inferences from the facts in the light most favorable to the nonmoving party." Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982).
The Heiligs contend the bank had a duty to notify them about their trustee's withdrawals. Whether or not there is a duty is controlled by statute, RCW 62A.3, the Negotiable Instruments Act. The parties disagree as to whether the current or later version of the statute is controlling on the issue of notice, but both parties agree that RCW 62A.3 controls whether there is notice of a breach by the fiduciary, thereby giving rise to a duty to notify the trustors. The Heiligs contend that former RCW 62A.3-304 (1993), rather than RCW 62A.3-307, controls because the later statute was enacted after *1084 the thefts by the trustee. Regardless, their claim fails under either version.
The relevant portions of former RCW 62A.3-304 stated:
(2) The purchaser has notice of a claim against the instrument when he has knowledge that a fiduciary has negotiated the instrument in payment of or as security for his own debt or in any transaction for his own benefit or otherwise in breach of duty.

. . . .
(4) Knowledge of the following facts does not of itself give the purchaser notice of a defense or claim
. . . .
(e) that any person negotiating the instrument is or was a fiduciary ...
(Emphasis added.) The relevant portions of RCW 62A.3-307 state:
(a) In this section:
(1) "Fiduciary" means an agent, trustee, partner, corporate officer or director, or other representative owing a fiduciary duty with respect to an instrument.
(2) "Represented person" means the principal, beneficiary, partnership, corporation, or other person to whom the duty stated in subsection (a)(1) is owed.
(b) If (i) an instrument is taken from a fiduciary for payment or collection or for value, (ii) the taker has knowledge of the fiduciary status of the fiduciary, and (iii) the represented person makes a claim to the instrument or its proceeds on the basis that the transaction of the fiduciary is a breach of fiduciary duty, the following rules apply:
. . . .
(3) If an instrument is issued by the represented person or the fiduciary as such, and made payable to the fiduciary personally, the taker does not have notice of the breach of fiduciary duty unless the taker knows of the breach of fiduciary duty.

(Emphasis added.) The intent of the amendment enacting RCW 62A.3-307 was to clarify the circumstances in which a taker has notice of breach of a fiduciary duty. See U.C.C. Comment 1 (1995) to RCW 62A.3-307.
The language in the above statutes shows that when a trustee withdraws funds from a trust account properly payable directly to himself or herself, a bank's duty to alert trust beneficiaries may be triggered. But this duty to alert cannot be triggered unless the bank "has knowledge that a fiduciary has negotiated the instrument ... in breach of duty," former RCW 62A.3-304(2), or "knows of the breach of fiduciary duty," RCW 62A.3-307. Thus, in both versions of the statute the bank must have knowledge of the breach of the trustee's duty. Here, there is no evidence that First Interstate processed checks from Renggli with actual knowledge that he had breached or was breaching his fiduciary duty.
Renggli was the only signator on the account, it was a simple checking account, and he was entitled to pay himself for services rendered. These limited activities are specifically addressed in U.C.C. Comment 4 to RCW 62A.3-307 and underscore an absence of notice and duty.[1] Nor is there any duty of heightened scrutiny when a fiduciary withdraws cash, rather than depositing funds.[2] Case law cited by the Heiligs is not relevant to show knowledge.
*1085 The existence of a legal duty is a question of law. Hansen v. Friend, 118 Wash.2d 476, 479, 824 P.2d 483 (1992). RCW 62A.3 forms the basis for the legal duty involved with negotiable instruments. The issue is not whether First Interstate exercised reasonable care with regard to the trust account. Rather, the issue is whether First Interstate had knowledge that Renggli was violating the trust for his own benefit. As there is no evidence showing First Interstate's knowledge of Renggli's breach of fiduciary duty, there is no material issue of fact regarding its duty to notify the Heiligs, and the trial court was correct in granting summary judgment in favor of First Interstate. We affirm.
SEINFELD and ARMSTRONG, JJ., concur.
NOTES
[1] U.C.C. Comment 4 sets out a hypothetical similar to the situation presented here:

Doe as President of Corporation writes a check on Corporation's account to the order of Doe personally. The check is then indorsed over to Bank .... In this case there is no notice of breach of fiduciary duty because there is nothing unusual about the transaction. Corporation may have owed Doe money for salary, reimbursement for expenses incurred for the benefit of Corporation, or for any other reason. If Doe is authorized to write checks on behalf of Corporation to pay debts of Corporation, the check is a normal way of paying a debt owed to Doe. Bank may assume that Doe may use the instrument for his personal benefit.
RCW 62A.3-307.
[2] The official comment to U.C.C. § 3-304 states that "`[T]he purchaser may pay cash into the hands of the fiduciary without notice of any breach of the obligation.'" Von Gohren v. Pacific Nat'l Bank, 8 Wash.App. 245, 253, 505 P.2d 467 (1973) (quoting Official Comment 5 of U.C.C. § 3-304).