IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| In the Matter of the Dependency of N.J., D.O.B. 06/19/2009 and D.J., D.O.B. 05/31/2010, | ) ) ) ) | No. 68794-8-I (consolidated with 68795-6-I) |
|---|---|---|
| Minor children, | ) ) | DIVISION ONE |
| STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | ) ) ) ) ) | |
| Respondent, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) | FILED: April 22, 2013 |
| DEVANTE JOHNSON, | ) ) | |
| Appellant. | ) ) ) | |

2013 APR 22 AM 10: 32

COURT OF APPEALS DIV I STATE OF WASHINGTON

FILED

BECKER, J. — Unless a statute implicates First Amendment rights, the court will not entertain a challenge that it is unconstitutionally vague on its face. Such a statute may only be challenged as applied to the facts of an individual case. Despite this well-settled rule, appellant DeVante Johnson mounts a facial vagueness challenge on due process grounds to RCW 13.34.190, the statute permitting a court to terminate a parent-child relationship. Johnson advances no argument that the statute was vague as the court applied it to him in terminating his parental rights. We affirm.

FACTS

NJ was born in June 2009. Less than a year later, in May 2010, her brother DJ was born. In July 2010, the children's mother obtained a domestic violence protective order against the children's alleged father, appellant DeVante Johnson. Johnson had a history of drug abuse involving heroin, cocaine, and methadone, as well as a criminal domestic violence record. In August 2010, the mother's parental rights were terminated based on her own history of drug abuse and parental neglect of her four other dependent children, and because she permitted NJ to see Johnson in violation of the no contact order. One-year-old NJ and her infant brother were placed into foster care.

Around the same time, Johnson came forward in the dependency action as the children's father. Johnson also had two other children by other mothers. He was not parenting these children either. The court permitted him supervised visits with NJ and DJ and ordered him to participate in paternity testing, as well as various assessments and programs to address his parental deficiencies and drug addictions. He was offered a variety of referrals and resources.

Almost two years later, the State filed a petition to terminate Johnson's parental rights. A four-day hearing was held, concluding on May 1, 2012. Witnesses testified on both sides, including Johnson. Johnson disappeared for several days after trial began. When he returned, he appeared noticeably under the influence.

The testimony reflected that during the 22 months since the dependency

2

action began, Johnson had suffered multiple drug relapses, his participation in court-ordered services had been sporadic, and he had not completed any of the court-ordered treatment requirements. He had made no effort to verify his paternity of the children.

His visits to the children were also erratic. The children displayed a pattern of behavioral problems in reaction to his frequent unexplained absences. When he did appear for visits, he interacted lovingly and playfully with them but had difficulty managing their needs.

On May 30, 2012, when NJ was three and her brother was almost two, the court entered an order terminating Johnson's parent-child relationship with the children. The court entered written findings of fact and conclusions of law. The court found, among other things: Johnson was not credible when he claimed to be clean and sober; he had shown no ability to provide a safe and stable home for the children; he was unfit to parent the children; the children were adoptable and had prospects for adoption; adoption could not occur while Johnson's parental rights remained; and termination was in the children's best interests.

Johnson appeals the termination order.

ANALYSIS

Parents have a fundamental liberty interest in the custody and care of their children. In re Dependency of K.D.S., __ Wn.2d __, 294 P.3d 695, 699 (2013). The legislature has prescribed a statutory scheme that balances this liberty interest with the child's right to a safe and healthy environment. K.D.S., 294 P.3d

3

at 699. The statute requires the State to prove six elements, codified at RCW 13.34.180(1)(a)-(f), by clear, cogent, and convincing evidence before the court may terminate a parent's rights.[1] RCW 13.34.190(1)(a)(i); K.D.S., 294 P.3d at 699. Clear, cogent, and convincing evidence exists when the ultimate fact in issue is shown by the evidence to be "'highly probable.'" K.D.S., 294 P.3d at 700, quoting In re Dependency of K.R., 128 Wn.2d 129, 141, 904 P.2d 1132 (1995).

The court must additionally find that the termination is "in the best interests of the child." RCW 13.34.190(1)(b); In re Dependency of H.W., 92 Wn. App. 420, 425, 961 P.2d 963, 969 P.2d 1082 (1998). A determination that termination is in the best interests of the child must be supported by a preponderance of the

---

[1] RCW 13.34.180 requires the State to prove the following six factors:

    (a) That the child has been found to be a dependent child;

    (b) That the court has entered a dispositional order pursuant to RCW 13.34.130;

    (c) That the child has been removed or will, at the time of the hearing, have been removed from the custody of the parent for a period of at least six months pursuant to a finding of dependency;

    (d) That the services ordered under RCW 13.34.136 have been expressly and understandably offered or provided and all necessary services, reasonably available, capable of correcting the parental deficiencies within the foreseeable future have been expressly and understandably offered or provided;

    (e) That there is little likelihood that conditions will be remedied so that the child can be returned to the parent in the near future. A parent's failure to substantially improve parental deficiencies within twelve months following entry of the dispositional order shall give rise to a rebuttable presumption that there is little likelihood that conditions will be remedied so that the child can be returned to the parent in the near future. . . .

      . . . .

    . . . and

    (f) That continuation of the parent and child relationship clearly diminishes the child's prospects for early integration into a stable and permanent home.

RCW 13.34.180(1)(a)-(f).

evidence. H.W., 92 Wn. App. at 425. The preponderance of the evidence standard requires the evidence to show that the proposition at issue is more probably true than not true. H.W., 92 Wn. App. at 425.

As to Johnson, the trial court closely followed this legislative scheme. The court entered findings of fact as to each of the six statutory factors and explicitly found that termination of the parent-child relationship was in the children's best interests.

The sole issue Johnson raises in this appeal is his theory that RCW 13.24.190 violates his constitutional right to due process because the phrase "best interests of the child" is vague. He makes a facial vagueness challenge that the statute lacks the specificity needed to prevent the court from applying it arbitrarily. He does not argue that the "best interests" standard was applied arbitrarily to him in this case.

Johnson's approach is misguided. He ignores well-settled case law on constitutional vagueness. Vagueness challenges to enactments which do not involve First Amendment rights are to be evaluated in light of the particular facts of each case. City of Spokane v. Douglass, 115 Wn.2d 171, 182, 795 P.2d 693 (1990). Consequently, where a challenged law does not involve First Amendment interests, the law is not properly evaluated for facial vagueness. Douglass, 115 Wn.2d at 182. Rather, the law must be judged as applied. Douglass, 115 Wn.2d at 182. The court tests the law for unconstitutional vagueness by inspecting the actual conduct of the party who challenges it (here,

5

Johnson), and "not by examining hypothetical situations at the periphery" of the law's possible scope. Douglass, 115 Wn.2d at 182-83.

Johnson has made no argument that the law was vague as it applied to him, in light of the 22-month dependency record or the facts presented to the court during the termination hearing. His constitutional challenge does not warrant review.

Even if we were to review the vagueness challenge on the merits, the appeal is meritless. We presume statutes are constitutional. K.R., 128 Wn.2d at 142. The challenging party has the burden to prove otherwise beyond a reasonable doubt. In re Dependency of C.B., 79 Wn. App. 686, 689, 904 P.2d 1171 (1995), review denied, 128 Wn.2d 1023 (1996). A provision is only unconstitutional as applied if the record shows the decision was arbitrary. In re Welfare of H.S., 94 Wn. App. 511, 524, 973 P.2d 474, review denied, 138 Wn.2d 1019 (1999), cert. denied, 529 U.S. 1108 (2000). The court reads the statute as a whole. H.S., 94 Wn. App. at 525.

Johnson falls far short of his burden. He challenges only the single subsection of the statute that includes the phrase "best interests of the child" while ignoring the remaining factors the State was required to prove. RCW 13.34.180; RCW 13.34.190.

In the context of the statute as a whole, the phrase "best interests of the child" is not subjective. The court acknowledged in In re Welfare of Aschauer, 93 Wn.2d 689, 611 P.2d 1245 (1980), that the phrases "proper parental care" and

6

"proper maintenance" in the dependency statutes could be "subject to value judgments, which may vary from person to person or from judge to judge." Aschauer, 93 Wn.2d at 697. But the phrases took on an objective meaning viewed in context: "these expressions do not stand in isolation. If the statute is viewed as a whole, its meaning takes on substantial objectivity." Aschauer, 93 Wn.2d at 697. We apply the same reasoning here.

Johnson assigns error only to the court's finding that termination of the parent-child relationship was in the children's best interests. He does not assign error to the court's numerous other findings that provided clear support for the termination order, including that Johnson was not clean and sober, that he was unfit to parent, and that he would not be capable of resolving his parental deficiencies in the foreseeable future. We treat these unchallenged findings as verities on appeal. In re Mahaney, 146 Wn.2d 878, 895, 51 P.3d 776 (2002).

Affirmed.

Becker, J.

WE CONCUR:

7