**FILED**
**AUGUST 1, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of Personal Restraint of: | ) | |
| | ) | No. 39079-9-III |
| Brandon Riley Creech. | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

FEARING, C.J. — We review petitioner Brandon Creech's personal restraint

petition (PRP) arising from the Washington State Department of Corrections' (DOC)

termination of his drug offender sentencing alternative (DOSA) sentence due to his

failure to participate in treatment. We deny the petition because Creech fails to

demonstrate an unlawful restraint, let alone prejudice.

FACTS

We begin with the State of Washington's prosecution of Brandon Creech in 2019.

The State charged Creech with one count of first degree unlawful possession of a firearm

and one count of third degree theft. Creech pled guilty to both charges.

On December 23, 2019, the superior court sentenced Brandon Creech to a prison-

based DOSA sentence pursuant to RCW 9.94A.662. The court ordered Creech to serve

39 months in confinement and 39 months in community custody. That same day, the

superior court approved Creech's transfer from the Grant County Jail to the custody of DOC.

DOC conducted a substance abuse assessment of Brandon Creech to identify the level of treatment he required. The assessment recommended that Creech receive treatment care at American Society of Addiction Medicine Level 3.3. Level 3.3 affords clinically managed high-intensity services targeted to the addict's individual needs. A Level 3.3 program offers a slow pace program designed for individuals with cognitive impairments.

The facility, in which DOC housed Brandon Creech, did not offer Level 3.3 treatment. DOC offers this level of treatment only in minimum security prisons. The highest level of treatment available to Creech at his facility was Level 2.5. Level 2.5 treatment entails twenty hours of outpatient services without any help for cognitive impairment.

DOC issued Brandon Creech numerous prison infractions during his time in confinement, most of which lack relevance to the personal restraint petition. We list those that bear relevance to Creech's argument that evidence presented to the DOC hearing officer biased the officer against him.

Brandon Creech received four serious infractions between January 2020 and August 2020, while serving the confinement portion of his DOSA sentence. As a result

of the behavior, DOC classified Creech at a medium custody level for the rest of his time

in confinement.  We list the infractions below:

> January 28, 2020: **Violation Code 663** - Using physical force, intimidation, or coercion against any person.

> June 11, 2020: **Violation Code 710** - Acquiring an unauthorized tattoo/piercing/scar, tattooing/piercing/scarring another, or possessing tattoo/piercing/scarring paraphernalia.

> July 30, 2020: **Violation Code 752** - Possessing, or receiving a positive test for use of, an unauthorized drug, alcohol, or intoxicating substance.

> July 30, 2020: **Violation Code 896** - Harassing, using abusive language, or engaging in other offensive behavior directed to or in the presence of another person(s) or group(s) based upon race, creed, color, age, sex, national origin, religion, sexual orientation, marital status or status as a state registered domestic partner, disability, veteran's status, or genetic information.

Response of Department of Corrections (Resp.) Ex. 1, Att. A at 59; WAC Handbook 400-

HA001.pdf (wa.gov).

On August 20, 2020, the substance abuse unit, in which Brandon Creech was

housed, initiated a DOSA revocation violation against Creech due to the multiple

violations he committed up to that point.  A DOC hearing officer found Creech's DOSA

termination to be valid.  Under WAC 137-24-060, an offender may appeal the decision of

a hearing officer to the DOC appeals panel.  Creech appealed the decision to the panel on

September 20, 2020.  The panel upheld the decision.  The substance abuse unit,

nevertheless, moved forward with a code 762 serious violation it had issued Creech

3

August 19, 2020 due to his failure to complete the DOSA treatment program. The record offers no explanation for the substance abuse unit's decision to proceed with the code 762 violation. Administrative termination from the DOSA treatment program occurs under violation code 762. WAC 137-24-030 provides that offenders accused of committing a code 762 violation are entitled to a DOC hearing on the violation before their administrative termination from DOSA treatment becomes effective. On December 22, 2020, a DOC hearing officer found Creech not guilty of committing a code 762 violation and permitted him to return to his DOSA treatment.

Thereafter, Brandon Creech committed three more serious infractions between October 2020 and July 2021.

> October 20, 2020: **Violation Code 728** - Possessing any sexually explicit material(s), as defined in WAC 137-48-020.

> October 21, 2020: **Violation Code 506** - Threatening another with bodily harm or with any offense against any person or property.

> June 26, 2021: **Violation Code 558** - Interfering with staff members, medical personnel, firefighters, or law enforcement personnel in the performance of their duties.

Resp. Ex. 1, Att. A at 59; WAC Handbook 400-HA001.pdf (wa.gov).

On August 17, 2021, Brandon Creech met with April Byrd and Jason Lewis, two DOC substance use disorder professionals, to discuss his DOSA treatment. Byrd recorded the details of this meeting in a serious infraction report. Lewis left the room during the meeting. After Lewis exited, Creech explained to Byrd that he was not

refusing treatment, but he wanted Level 3.3 treatment, not the Level 2.5 treatment DOC

afforded him at the time. After Creech expressed his desire for Level 3.3 treatment,

Creech's body language, according to Byrd, turned intimidating, and he moved his body

erratically. Creech remarked to Byrd:

> It [my anger] would have nothing to do with you. I just won't be able to stop myself. If I get angry in group, I will fight and hurt someone. I can't even stop myself in the unit.

Resp. Ex. 2, Att. B at 90. Creech added that something clicks in his head. He later

calmed down and apologized.

As a result of Brandon Creech's confrontation with April Byrd on August 17,

2021, DOC issued Creech a serious infraction, under violation code 663, for using

physical force, intimidation, or coercion against April Byrd. DOC issued two more

serious infraction notices to Creech before the end of August 2021:

> August 22, 2021: **Violation Code 710** - Acquiring an unauthorized tattoo/piercing/scar, tattooing/piercing/scarring another, or possessing tattoo/piercing/scarring paraphernalia.

> August 31, 2021: **Violation Code 710** - Acquiring an unauthorized tattoo/piercing/scar, tattooing/piercing/scarring another, or possessing tattoo/piercing/scarring paraphernalia.

Resp. Ex. 1, Att. A at 59-60; WAC Handbook 400-HA001.pdf (wa.gov).

On September 1, 2021, a hearing officer conducted a hearing on the August 17

infraction. Brandon Creech testified at the hearing that he wanted to receive a higher

level of treatment than what DOC offered or else he wanted to delay treatment until his

release from incarceration. He added that he told Byrd that DOC's continued provision of a lower level of treatment would cause him to fight in treatment classes. Creech explained that, during the August 17 meeting with Byrd, he did not seek to intimidate Byrd. Instead, he "was trying to manipulate the treatment process." Resp. Ex. 2, Att. B at 90. The DOC hearing officer found Creech guilty of a code 663 serious violation based on the infraction report and his own testimony.

On October 5, 2021, DOC again administratively terminated Brandon Creech from the DOSA treatment program for failing to participate in the program. Heidi Moran, the DOC officer who signed Creech's DOSA treatment termination report, wrote in the notice that, while serving his time in confinement, DOC repeatedly afforded Creech opportunities to participate in Level 2.5 treatment, but Creech repeatedly chose not to participate in such treatment. Instead, Creech insisted on Level 3.3 treatment. The termination notice identified the following reasons for Creech's termination from the DOSA program:

> Violation of the DOSA agreement.
> Violation of the Treatment Participation Requirements.
> Willful noncompliance with the DOSA program by removing himself from the ability to receive assessed level of treatment due to his behaviors.
> Safety and security risk for the community.

Resp. Ex. 2, Att. C at 95. Moran further wrote in the notice:

> Mr. Creech has spent many years in a cycle of the same behaviors. Looking at his history in OMNI it is apparent there have been very few

6

changes in his behavior. It is recommended that he do long term treatment in a residential facility and he receive the 3.3 or 3.5 (in the community) treatment that he was originally assessed at when it is available and when he is amenable to attend. Mr. Creech needs to understand that "long term" does not mean a couple of weeks and know that he needs the treatment that is recommended not what he may want.

Resp. Ex. 2, Att. C at 95.

PROCEDURE

As a result of Brandon Creech's termination from the prison DOSA treatment program, DOC sought to revoke Creech's DOSA sentence. On November 1, 2021, Creech received and signed a notice of allegations, hearing, rights, and waiver for the revocation. His signature on this form indicated he read and understood the allegations against him, the hearing notice, and his rights as outlined in the form. He requested a hearing.

A DOC hearing officer conducted a DOSA revocation hearing on November 3, 2021. The DOC hearing officer affirmed the revocation. In its written ruling, the hearing officer noted reliance on the following evidence to find Brandon Creech guilty for failing to comply with DOSA requirements: "J & S," "Notice of Allegation, Hearing, Rights, and Waiver form," "Report of Alleged Violations," "Conditions, Requirements, and Instructions form," "CCO [community correction officer] Testimony," and "Offender Testimony." Resp. Ex. 2, Att. E at 101.

On November 16, 2021, Brandon Creech appealed the DOC hearing officer's decision to the DOC appeals panel. The DOC appeals panel affirmed the hearing officer. The panel wrote:

> Mr. Creech, the Appeals Panel has reviewed the contents of your appeal, evidence and audio recording of the administrative hearing conducted on November 3, 2021. . . . While your appeal was extensive and context listed, the focus of the finding was simply, were you compliant with your DOSA. The answer is no. The record reflected the discovery packet was properly served and there was no issue raised or communicated regarding a lack of preparation. As noted on the record, the presiding Hearing Officer did not consider infractions from a prior process. The Hearing Officer considered only the evidence provided in evidence as well as the documents you provided thus was appropriate for all parties to respond appropriately. The record supported there were infractions preceding this current process however the presiding Hearing Officer clearly stated his decision was based solely on your behavior since your last 762 hearing process. The record also supports the presiding authority did not reference nor use any infraction behavior preceding the last process. The process was also void of prejudice.
>
> . . . Again, the record supported proper service in advance of the hearing without raised issues at the time of the hearing. The Appeals Panel does not know the process in preparation of an appeal however it was clear you submitted a timely appeal which contained an articulated defense. The Appeals Panel will note your appeal contained information from prior and current processes however neither party may add or supplement the record post hearing. The presiding authority appropriately made a decision based on the evidence and testimony provided at your hearing.
>
> The record supports your recommended Level of Care was 3.3. The record revealed the Prison DOSA Agreement was again signed August 12, 2021, you subscribed your request to be placed in 3.3 treatment however you were not refusing treatment. The substance abuse disorder individual service document signed August 17, 2021 reiterates you subscribed you were not refusing any treatment that is being offered. You indicated you were not willing to substitute 3.3 treatment with a lesser level of treatment, but you would comply with any treatment only because it was explained

8

that if you did not, you could face possible revocation. While you contend your willingness to enter any level of treatment, you also indicate you were not willing to substitute level 3.3 treatment. The record as well as your testimony also reveal you have other issues which contribute to your level of care. There was no debate you have had a lesser level of treatment in the past which has had negligible results based on your current sentence where substance abuse was the foundation for your current sentence. The record showed your unwillingness to comply with facility rules since your last process resulting in closed custody and medium level of custody which has removed any opportunity to access the 3.3 level of care. At no time has your custody suited the minimum level of custody to enter a level 3.3 treatment. You state a willingness to comply with treatment however your actions demonstrated a different narrative. As the presiding Hearing Officer inferred, your actions spoke louder than your words. You have knowingly made efforts to dictate your treatment expectations, yet your behavior has continually removed your ability to reach that goal. Even on this last occasion, while you stated your willingness to enter any form of treatment, your actions showed a different path. Your disposition and communicated displeasure in your conversation on August 17, 2021, was so threatening, the substance abuse counselor questioned if she would continue her career path. You demonstrated a clear inability to maintain your composure and the presiding Hearing Officer determined a preponderance of the evidence was met regarding your underlying behaviors based on the evidence and corroborating testimony provided in this hearing. In considering the totality of the evidence, it is clear there have been five new infractions resulting in custody level changes and over the last year, no treatment, as well as the continued behaviors is concerning. In summary, the Appeals Panel affirms the presiding Hearing Officers sanction as the evidence supports you were in noncompliant with your DOSA.

Resp. Ex. 2, Att. G at 144.

Brandon Creech brings a personal restraint petition before this court. He seeks to be restored to a prison-based DOSA sentence.

9

LAW AND ANALYSIS

To prevail in his personal restraint petition, Brandon Creech must demonstrate that his restraint is unlawful. RAP 16.4(a). To establish an unlawful restraint the petitioner must demonstrate either a constitutional violation or violation of state law. RAP 16.4(c)(2); *In re Personal Restraint of Cashaw*, 123 Wn.2d 138, 148, 866 P.2d 8 (1994). In turn, a petition alleging a constitutional error must also show "actual and substantial prejudice," while a petition alleging nonconstitutional error must also show "a fundamental defect which inherently results in a complete miscarriage of justice." *In re Personal Restraint of Cashaw*, 123 Wn.2d 138, 148 (1994) (quoting *In re Personal Restraint of Cook*, 114 Wn.2d 802, 812, 792 P.2d 506 (1990)) (internal citations omitted).

Under RAP 16.7(a)(2), a petitioner must list grounds for relief by including the facts on which he bases his claim of unlawful restraint, the evidence available to support those factual allegations, and the reasons why the restraint is unlawful. Bare allegations unsupported by citation to authority, references to the record, or persuasive reasoning do not support a personal restraint petition. *In re Personal Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992); *State v. Brune*, 45 Wn. App. 354, 363, 725 P.2d 454 (1986). For this court to reverse the outcome of a prison discipline hearing, the petitioner must show that the proceeding was so arbitrary and capricious as to deny the petitioner a fundamentally fair proceeding. *In re Personal Restraint of Wilson*, 17 Wn. App. 2d 72, 82, 484 P.3d 1 (2021).

Brandon Creech contends DOC violated numerous constitutional due process rights and violated state law with regard to prisons. We address all of the due process contentions before analyzing state law.

Due Process

Brandon Creech contends DOC violated his due process rights because (1) DOC failed to prove each infraction, on which it relied at the DOSA revocation hearing, by a preponderance of the evidence, (2) he lacked access to evidence needed to prepare for the DOSA revocation hearing and his DOC appeal, (3) evidence presented by DOC about Creech's nondrug related infractions biased the hearing officer, and (4) DOC never advised him of his right to appeal infractions for the earlier nondrug related violations.

Prisoners facing discipline are not entitled to the full panoply of due process protections afforded defendants facing criminal charges. *In re Personal Restraint of Wilson*, 17 Wn. App. 2d 72, 82 (2021). An individual facing possible revocation of community custody is entitled to the minimum due process protections established in *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2953, 33 L. Ed. 2d 484 (1972) for parole revocation hearings. *In re Personal Restraint of McNeal*, 99 Wn. App. 617, 619, 994 P.2d 890 (2000). The United States Supreme Court listed such protections as:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer

> specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *In re Personal Restraint of Bufalini*, 4 Wn. App. 2d 392, 403, 423 P.3d 262 (2018). In addition to the minimum due process protections established in *Morrissey v. Brewer*, at a hearing to revoke a DOSA sentence following administrative termination from the DOSA treatment program, due process requires that both the administrative termination and the facts that served as a basis for terminating treatment be proved by a preponderance of the evidence. *In re Personal Restraint of Schley*, 191 Wn.2d 278, 287-90, 421 P.3d 951 (2018) (plurality opinion); *In re Personal Restraint of Wilson*, 17 Wn. App. 2d 72, 82 (2021).

WAC 137-104-050(6) also demands that DOC prove each alleged violation by a preponderance of the evidence. The preponderance of the evidence standard requires that the evidence establish the proposition at issue is probably more true than not true. *In re Dependency of H.W.*, 92 Wn. App. 420, 425, 961 P.2d 963, 969 P.2d 1082 (1998).

Brandon Creech argues that DOC violated his due process rights when it failed to prove each infraction by a preponderance of the evidence at his DOSA revocation hearing. He maintains that the hearing officer simply reviewed the infraction reports, did not review the hearings regarding the infractions, and did not review any related reports,

12

video evidence, photo evidence, or witness statements. The record indicates otherwise. The record establishes that DOC hearing officer relied on Creech's judgment and sentence, the notice of allegation, hearing, rights, and waiver form he signed, the report of alleged violations, conditions, requirements, and instructions form, CCO testimony, and Creech's testimony. These sources of facts supplied sufficient evidence to support the hearing officer's termination of the DOSA sentence.

To comply with due process requirements at Brandon Creech's DOSA treatment revocation hearing, DOC also needed to show by a preponderance of the evidence the fact of Creech's administrative termination and those facts that supported the termination. Creech does not argue that DOC failed to prove his administrative termination from the DOSA treatment program. The record confirms the administrative termination.

The DOC appeals panel also relied on sufficient evidence when affirming the termination. The panel reviewed the contents of the records supplied by Brandon Creech for his appeal, evidence submitted at the administrative hearing, and the audio recording of the administrative hearing.

Brandon Creech next argues that DOC denied him due process when it prevented him from reviewing or retaining his own copy of the documents and evidence to be used against him at his DOSA revocation hearing. He maintains that, due to having insufficient access to such materials, he could not adequately prepare for his DOSA revocation hearing. We disagree.

13

The record reveals that the DOSA notice of allegations, hearing, rights and waiver form Brandon Creech signed on November 1, 2021 outlined the evidence to be used against him at his DOSA revocation hearing. The appeals panel also found DOC administration properly served the discovery packet. At the time of the hearing, Creech did not suggest any lack of preparation. In his personal restraint petition, Creech does not identify any specific information denied to him that prejudiced his ability to contest the termination.

Brandon Creech further argues that DOC violated due process when its hearing officer relied on nondrug related infractions as evidence at his DOSA revocation hearing, and, when doing so, the hearing officer became biased against him. Therefore, according to Creech, he lacked a neutral and detached hearing officer.

The record establishes that the DOC hearing officer referenced, but did not rely on, infractions other than Brandon Creech's second code 762 serious violation when affirming the revocation of his DOSA sentence. The appeals panel confirmed such.

We note that RCW 9.94A.662(4) requires that a DOC hearing officer revoke an offender's DOSA sentence when the offender has been administratively terminated from the program. The statute affords the hearing officer no discretion to continue an offender's DOSA sentence on his administrative termination from the program. The record indisputably shows that Creech was administratively terminated from the DOSA program. Thus, Creech could not have suffered prejudice.

14

Finally, Brandon Creech argues that DOC violated due process when the DOC hearing officer relied on prior nondrug-related infractions he committed as evidence supporting revocation of his DOSA sentence because he was never advised of his right to appeal those infractions. We decline to address this contention since the record establishes that the hearing officer did not rely on the other infractions when affirming the revocation of Creech's DOSA sentence. Thus, Creech suffered no prejudice.

DOSA Policies

Brandon Creech asserts, in his personal restraint petition, that DOC twice failed to follow its own policies. First, Creech contends DOC failed to follow its own hearing officer's prior decision to offer him Level 3.3 treatment when it placed him in Level 2.5 treatment. Second, Creech argues that DOC terminated his DOSA sentence for nondrug related infractions.

A showing that a government agency failed to comply with the agency's own rules or regulations shows an unlawful restraint. *In re Personal Restraint of Wilson*, 17 Wn. App. 2d 72, 82 (2021). But, in addition, for relief under a personal restraint petition, the petitioner must show a fundamental defect that inherently results in a complete miscarriage of justice. *In re Personal Restraint of Cashaw*, 123 Wn.2d 138, 148 (1994).

Brandon Creech does not specify which policy or policies he believes DOC violated. Bare allegations unsupported by citation to authority, references to the record, or persuasive reasoning do not support a personal restraint petition. *In re Personal*

*Restraint of Rice*, 118 Wn.2d 876, 886 (1992). While Creech provides two quotes from two cases to support this argument in his personal restraint petition, the language of the quotes does not assist in analyzing the arguments he asserts.

Brandon Creech first cites *In re Personal Restraint of Wilson*, 17 Wn. App. 2d 72 (2021) when declaring: "The DOC must accept its own hearings officers [sic] own decision and cannot continue to retry a hearing until it obtains its desired outcome." PRP at 8. *Wilson* does not articulate such a rule. Instead, the *Wilson* court wrote that "DOC cannot retry infractions on the same record until it gets the outcome it wants." *In re Personal Restraint of Wilson*, 17 Wn. App. 2d 72, 88 (2021). DOC did not retry the same infractions against Creech. Creech's most recent DOSA revocation hearing resulted from the August 17 infraction. It did not result from DOC retrying the code 762 serious infraction heard by the DOC hearing officer in 2020.

Brandon Creech next cites *In re Personal Restraint of Cashaw*, 123 Wn.2d 138, 149 (1994). He provides the following quote from *Cashaw*: "A showing that a decision by a government agency failed to comply with the agency's own rules or regulations is sufficient to show the unlawfulness of the restraint." PRP at 8. This language is not found in *Cashaw*, but can be found verbatim in *Wilson*, as cited above. To repeat, Creech does not identify any regulation violated. DOC reasonably supplied Level 2.5 treatment when Creech's security risk placed him in a facility that did not offer Level 3.3 treatment.

CONCLUSION

We deny Brandon Creech's personal restraint petition.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.